GEORGE FRICKE *vs.* THE UNITED STATES INDEMNITY SOCIETY.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The plaintiff, who was insured under an accident policy which provided that he should receive $10 per week for not more than fifty-two weeks for loss of time resulting solely from bodily injuries effected through violent and accidental means, or, in lieu of such

weekly benefits, the sum of $100 if he should lose a hand or a foot, received bodily injuries which prevented him from attending to his duties for forty-two weeks, and also lost a hand. *Held* that the right of election, under the terms of the policy, belonged to the insured and not to the company, and therefore the plaintiff was entitled to demand weekly benefits instead of the smaller sum prescribed for the loss of a hand.

Where a policy of insurance is so framed as to leave room for two constructions, the words used should be interpreted most strongly against the insurer.

Submitted on briefs June 6th—decided July 14th, 1905.

ACTION to recover the amount of a loss under an accident-insurance policy, brought to the Court of Common Pleas in Fairfield County, where a demurrer to certain defenses of the answer was sustained (*Curtis, J.*) and the cause was afterwards reserved upon an agreed finding of facts for the advice of this court. *Judgment advised for plaintiff.*

*William H. Comley, Jr.*, for the plaintiff.

*Prentice W. Chase, Robert J. Woodruff* and *Charles W. Birely*, for the defendant.

HALL, J. The policy of insurance issued by the defendant to the plaintiff, after providing that the insured ".is entitled to the following benefits," describes such benefits in six numbered sections, the first being a stated sum per week for certain named periods of weeks, not exceeding thirty weeks in all, for loss of time resulting from sickness. Sections 2, 3 and 4 were as follows :—

" 2. Or, the sum of ten dollars per week for a period not exceeding fifty-two weeks' disability for loss of time resulting solely from bodily injuries effected through violent and accidental means which shall leave external marks, contusions or wounds upon the body, visible to the eye, and which shall, independent of all other causes, immediately, wholly and continuously disable and prevent the insured from performing all duties pertaining to his occupation as above stated.

" 3. Or, the sum of six hundred twenty-five dollars in lieu of weekly benefits if such injury received as aforesaid shall either directly or through amputation within thirty days of the happening of the accident cause the loss by actual separation at or above the wrist or ankle of one hand and one foot, or both hands or both feet, or shall within thirty days entirely and permanently destroy the sight of both eyes; provided, however, that if prior to the accident the insured shall have lost or had only the impaired use of either hand, foot, or eye, the loss of the other shall be held to be the loss of one member only, and payment of any such claim shall terminate this certificate.

" 4. Or, the sum of one hundred dollars in lieu of weekly benefits, if the insured shall as aforesaid lose a hand above the wrist or a foot above ankle, and the payment for any such claim shall terminate this certificate."

The following facts were agreed upon by the parties and found by the trial court: " On the second day of June, 1903, the plaintiff, while engaged in the performance of the duties of his occupation as set forth in said policy, to wit, that of yard clerk, was through violent and accidental means, to wit, by being run over by a steam engine, severely injured. As a result of said accident the plaintiff suffered a compound dislocation of the ankle joint and a dislocation of one of the ankle bones in the left foot, which injuries left external marks, contusions and wounds upon said left foot visible to the eye. In said accident, and by the same violent and accidental means, the plaintiff also suffered the loss of his right hand above the wrist. By reason of said bodily injuries, effected through violent and accidental means, occasioned as aforesaid, leaving external marks, contusions and wounds upon the body visible to the eye, and independent of all other causes, the plaintiff was immediately, wholly and continuously disabled and prevented from performing all the duties pertaining to his occupation of yard clerk for a period of forty-two weeks. Said loss of the right hand was not such an injury as would, independent of all other causes, have immediately and wholly

and continuously disabled and prevented the plaintiff from performing all the duties of said occupation for more than a brief part of said period of forty-two weeks. Said injuries to the ankle joint and to the ankle bones were of such a nature that, irrespective of said loss of the right hand, and independent of all other causes, they would, and in fact did, immediately, wholly and continuously disable and prevent the insured from performing all the duties appertaining to his occupation, as above stated."

After due notice had been given by the plaintiff of his said injuries, the defendant, in December, 1903, tendered to him $100 in full payment of all claims in his favor under the policy on account of said injuries, which sum was refused by the plaintiff solely upon the ground that, under § 2 of the policy, he was entitled to benefits of $10 per week, for a period not exceeding fifty-two weeks.

Upon these facts the plaintiff claims that under said § 2 of the policy there is due him $420, as the amount of benefits at $10 per week, for the period of forty-two weeks during which he was disabled by said injuries; while the defendant claims that the plaintiff is only entitled to receive the sum of $100 as provided by § 4 of the policy.

If the policy in suit is to be interpreted as giving the defendant the right to elect whether the extent of its liability in this case shall be determined by § 2 or § 4, it would seem to follow that if the plaintiff had lost both a hand and foot, or both hands or both feet, the company's liability instead of being $625, as provided by § 3, might, at its election, be limited to the payment of $10 a week for the period of his disability to perform the duties of his occupation not exceeding fifty-two weeks, and which might possibly have been less than ten weeks.

Were it doubtful from the language of the policy whether it was intended to give to the insured or to the insurer the right to elect under which of the provisions of the two sections in question the extent of the defendant's liability is to be determined, the doubt should be resolved in favor of the insured and against the company issuing the policy.

*Boon* v. *Ætna Ins. Co.*, 40 Conn. 575, 586. "To the general rule there is an apparent exception in the case of contracts of insurance, namely, that where a policy of insurance is so framed as to leave room for two constructions, the words used should be interpreted most strongly against the insurer. This exception rests upon the ground that the company's attorneys, officers or agents prepared the policy, and it is its language that must be interpreted." *Liverpool & L. & G. Ins Co.* v. *Kearney*, 180 U. S. 132, 136, 21 Supreme Court Rep. 326.

But we are not compelled to resort to the rule above stated in order to sustain the plaintiff's claim in this case. The language of the policy that the insured is entitled to certain weekly benefits for loss of time for a fixed maximum period, as stated in § 2, "*or*" to the entire sum in lieu of weekly benefits named in § 4, indicates sufficiently clearly that it was contemplated that circumstances might arise under which there would be a choice between weekly benefits and a gross sum, and that in such cases the insured would be entitled to claim either, but not both. There might be an injury resulting in the loss of a hand, by which the person injured would not be disabled from performing the duties of his occupation for the period of ten weeks, and when it would therefore be for his interest to receive the $100 rather than the weekly benefits.

The circumstances and consequences of the plaintiff's injury, as found by the court, include all the conditions named in § 2 of the policy, entitling him to receive the sum of $420, with the additional one of the loss of a hand. It further appears that the injury to the plaintiff's ankle, independently of the loss of his hand, disabled him from performing the duties of his occupation during said period of forty-two weeks. To interpret the policy as providing that when an injury to the insured meets all the conditions and produces all the consequences entitling him under § 2 to the sum of $420, the sustaining at the same time of either of the additional injuries named in § 4 requires him to accept less than one fourth of that sum, would be to place an unreasonable

construction upon the language of the contract of insurance. Upon the facts before us the plaintiff was entitled to elect to receive the weekly benefits provided by § 2 rather than the gross sum provided by § 4.

Judgment is advised for the plaintiff for $420.

Costs in this court will be taxed in favor of the plaintiff.

In this opinion the other judges concurred.