JOHN S. SEYMOUR vs. THE CITY OF NORWALK.

Third Judicial District, Bridgeport, October Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A judgment-file which recites that "the issues" are found for the prevailing party, is equivalent to a finding that all the material issues are so found.

Only errors which affect the validity of the judgment rendered are entitled to consideration by this court.

The allegations of a complaint are to be interpreted in the light of a "more specific statement" made by the plaintiff, and the denials of the answer, subsequently filed, are to be given a like interpretation and coextensive effect, although the answer does not expressly refer to such statement.

Matters which, if material at all, are evidential only, may very properly be expunged from a pleading.

Argued October 30th—decided December 15th, 1917.

ACTION to recover for professional services as an attorney at law under an alleged agreement with the defendant, brought to the Superior Court in Fairfield County where the plaintiff's demurrer to the answer "by way of further defense" was overruled (*Webb, J.*) and the cause was afterward tried to the court and judgment rendered (*Reed, J.*) for the defendant, from which the plaintiff appealed. *No error.*

The complaint alleges that the plaintiff, being an attorney at law, rendered services as such for the town of Norwalk at the request of the town, under an agreement that the plaintiff should charge and the town pay his reasonable fees, disbursements, and expenses; that the defendant city by its charter had assumed and agreed to pay all the obligations of the town, and that plaintiff had not been paid.

From a more specific statement, filed by order of court, it appears that the plaintiff claimed to have been originally employed by a committee appointed at a town meeting held in 1910 for the purpose of acting upon the proposed construction of a permanent bridge and park, and that he rendered the services enumerated in the more specific statement as counsel to this committee and to its successor, the Washington Street Bridge Construction Committee, created by Special Act of the General Assembly in 1911.

The defendant answered through the last-named committee, denying the allegations of the complaint, except that the plaintiff was an attorney at law, that it had succeeded to the obligations of the town, and that it had paid nothing to the plaintiff. By a so-called further defense the defendant also alleged that the town could not lawfully contract as alleged except through its selectmen, and that the Washington Street Bridge Construction Committee (which did have full power in the premises) did not come into existence

until 1911, and denied that the last-named committee ever employed or ratified the employment of the plaintiff. The plaintiff demurred to the further defense, and, on the overruling of the demurrer, filed three replies to the further defense, denying its allegations, and alleging affirmative matters which were in turn denied by the defendant's rejoinders.

The parties went to trial on all the issues thus joined, and judgment was rendered for the defendant, from which this appeal is taken. The reasons of appeal relate only to the rulings of the court in ordering a certain exhibit to be expunged from the more particular statement, and in overruling the demurrer to the further defense.

*John S. Seymour,* for the appellant (plaintiff).

*John J. Walsh* and *John H. Light,* for the appellee (defendant).

BEACH, J. The record contains no memorandum of decision on the merits, and no finding of facts either in the judgment-file or for the purpose of appeal. The only intimation as to which of the many issues of fact were actually litigated and determined, comes from the recital of the judgment-file that the court, having heard the parties, "finds the issues for the defendant." Under Rule 197 (Practice Book, p. 258) this form of judgment-file is equivalent to a finding that all the material issues are found for the prevailing party, and we are bound to assume that the court so found in this case. *Wilson* v. *Cheshire Brass Co.,* 88 Conn. 118, 122, 89 Atl. 903, and cases cited. That being so, the reasons of appeal based on the overruling of the demurrer to the so-called further defense, more properly to be called a second defense, invite us to pass upon

questions of law which, even if decided in the plaintiff's favor, would not affect the validity of the judgment.

The finding for the defendant of the issues raised by the first defense, which denies all the allegations of paragraph one of the complaint except that the plaintiff is an attorney at law, is decisive of the case, for the contract of employment alleged in paragraph one of the complaint lies at the foundation of the plaintiff's claim. The first defense does not in terms refer to the more specific statement, but the statement was filed before the answer, and the denials of the answer are necessarily coextensive with the allegations denied, as interpreted and made more specific by the statement.

In view of the earnestness with which it was argued that the case was not decided on its merits, it is unfortunate that no finding of facts for the purpose of appeal was asked for. But, as the record stands, the judgment-file necessarily imports a finding of fact that the plaintiff was not employed as alleged in paragraph one of the complaint, and that finding, standing unquestioned on this appeal, is sufficient of itself to support the judgment.

The court did not err in ordering Exhibit A to be expunged from the more specific statement. As indicated by its title—"The story of the bridge to date,"— it is not an official statement of the facts, and it does not purport to contain the records of any committee or town meeting. If material at all, it is only as evidential matter, and for all that appears it may have been admitted at the trial.

There is no error.

In this opinion the other judges concurred.