This writ of error, to review a judgment of the Superior Court denying a petition for a new trial, is brought under the provisions of § 5701 of the General Statutes upon the ground of mispleading. *Page 700 
In order to secure relief under this statute, the plaintiffs would have to prove not only that there was mispleading but also that this came about "through fraud, accident or mistake, unconnected with any negligence or inattention" upon their part. Day v.Welles, 31 Conn. 344, 349; Winchell v. Sanger,73 Conn. 399, 404, 47 A. 706; Jarvis v. Martin, 77 Conn. 19,58 A. 15; Dante v. Dante, 93 Conn. 160, 163,105 A. 353. "These decisions state our law authoritatively and conclusively. There is no occasion to trace the growth of this principle of our equity jurisprudence. Underlying it is the principle of universal authority whose base is public policy, and is expressed in the maxim, Interest reipublicae ut sit finis litium, which we denominated in Burritt v. Belfy, 47 Conn. 323,329, as the `embodiment of wisdom and justice.'"Hayden v. Wallace Sons Mfg. Co., 100 Conn. 180,187, 123 A. 9. Recognizing this, the plaintiffs alleged in paragraph seven of their petition for a new trial that the mispleading was due to inadvertence and mistake and, without questioning the sufficiency of these allegations, the defendant denied them. The trial court gave judgment for the defendant and the judgment-file states that "the issues" were found for him. This means all the essential issues, including those raised by the denial of paragraph seven. Seymour v.Norwalk, 92 Conn. 293, 295, 102 A. 577. That conclusion, depending as it does on matters outside the record, we cannot review upon a writ of error. The judgment must be for the defendant.
We may add that, if it were necessary and allowable to review the issues and course of proceeding in the original action, our conclusion would necessarily be that there was no such mispleading as would justify a new trial, for, had the plaintiffs pleaded in the *Page 701 
original action as they now seek to do, the result would inevitably have been the same.
 There is nothing erroneous; judgment to enter for the defendant to recover his costs in this court.