ARTHUR SCRANTON *v.* HARTFORD FIRE INSURANCE COMPANY

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 6—decided May 25, 1954

*Leon Podrove,* for the appellant (plaintiff).

*Wallace W. Brown,* for the appellee (defendant).

DALY, J.  The plaintiff sued the defendant to recover damages under the extended coverage provision of a fire insurance policy.  The defendant, in a special defense, alleged facts from which it claimed that the policy did not cover the loss.  The demurrer of the plaintiff to the special defense was overruled and he failed to plead further.  He has appealed from a judgment rendered for the defendant.

The plaintiff averred in his complaint that the defendant, in consideration of a premium, issued him an insurance policy, the coverage of which included direct loss arising from damage caused by vehicles to a building owned by him.  He claimed that the building was damaged by a vehicle driven by Charles St. Pierre and that, although he notified the defendant of his loss, it has not paid him.  By its special defense the defendant alleged that the policy specifically excluded from coverage loss occasioned by any vehicle owned or operated by the plaintiff, the insured, or by any tenant of the insured property, and that St. Pierre was, at the time of the alleged accident, not an independent person but the employee and agent of the plaintiff, acting, in the regular course of his employment, under the plaintiff's instructions and in his behalf. The plaintiff demurred

to the special defense on the ground that it was insufficient as a matter of law because the defendant did not allege in it that the policy excluded loss occasioned by a vehicle operated by an employee or agent of the insured. The demurrer was overruled.

Under the terms of the policy, its coverage included direct loss or damage, by vehicle, to the plaintiff's building. In an exclusionary provision, it was stated that the defendant would not be liable for loss "by any vehicle owned or operated by the Insured or by any tenant of the described premises." The defendant concedes that neither the word "employee" nor the word "agent" was contained in the exclusionary provision but contends that the vehicle operated physically by St. Pierre was operated by the plaintiff, the insured, within the meaning of the provision, because St. Pierre was his employee and agent at the time the vehicle damaged the building, and that, consequently, the defendant is not liable. The plaintiff claims that the language in question is not ambiguous but that, if it is, the construction to be applied to it is the one most favorable to him. The question at issue is to be resolved by the construction to be given the words "by any vehicle owned or operated by the Insured." Does this language mean that the company would not be liable because the vehicle which caused the damage was operated by the employee or agent of the plaintiff?

When the words in an insurance policy are, without violence, susceptible of two interpretations, that which will sustain the claim of the insured and cover the loss must be adopted. In the light of this settled rule of construction, we must adopt, between two reasonably tenable constructions, that which is most favorable to the plaintiff, the insured. "In the presence of a reasonable doubt we must resolve it in

favor of the insured. Between two interpretations, we are required by the rules of legal construction to adopt that which will sustain his claim." *Dickinson* v. *Maryland Casualty Co.*, 101 Conn. 369, 379, 125 A. 866; *Lyon* v. *Aetna Casualty & Surety Co.*, 140 Conn. 304, 310, 99 A.2d 141; *Porto* v. *Metropolitan Life Ins. Co.*, 120 Conn. 196, 200, 180 A. 289; *Morehouse* v. *Employers' Liability Assurance Corporation*, 119 Conn. 416, 426, 177 A. 568; *Elberton Cotton Mills, Inc.* v. *Indemnity Ins. Co.*, 108 Conn. 707, 710, 145 A. 33; *Komroff* v. *Maryland Casualty Co.*, 105 Conn. 402, 405, 135 A. 388; *Dresser* v. *Hartford Life Ins. Co.*, 80 Conn. 681, 710, 70 A. 39; *Fricke* v. *United States Indemnity Society*, 78 Conn. 188, 191, 61 A. 431. The rule rests upon the ground that the company's attorneys, officers or agents prepared the policy, and it is its language that must be interpreted. *Rinaldi* v. *Prudential Ins. Co.*, 118 Conn. 419, 423, 172 A. 777; *King* v. *Travelers Ins. Co.*, 123 Conn. 1, 4, 192 A. 311.

As used in the context, the word "operated" means "to have personally controlled the movement of the vehicle." It lay in the power of the defendant to formulate the terms of the provision so as to remove any doubt as to its meaning and intent. *Bessette* v. *Fidelity & Casualty Co.*, 111 Conn. 549, 555, 150 A. 706. In *Golding-Keene Co.* v. *Fidelity-Phenix Fire Ins. Co.*, 96 N.H. 64, 69 A.2d 856, the plaintiff sought recovery under the extended coverage indorsement of two fire insurance policies for damages to its building by a claimed vehicle. The insurer in that case obviously did not agree with the contention of the defendant in this case; otherwise, it would not have added to the exclusionary clause the words "or by an agent, employee or member of the household of either" owner or tenant.

There is error, the judgment is set aside and the case is remanded with direction to sustain the demurrer.

In this opinion the other judges concurred.