EMPLOYERS MUT. CAS. CO. OF
DES MOINES, IOWA

v.

FEDERATED MUT. IMPLEMENT &
HARDWARE INS. CO. et al.

No. 14997.

United States Court of Appeals
Eighth Circuit.

June 15, 1954.

Myron H. Bright, Fargo, N. D. (C. C. Wattam, Philip B. Vogel, Mart R. Vogel, and Carl V. Peterson, Fargo, N. D., were with him on the brief), for Appellant.

Robert Vaaler, Grand Forks, N. D. (Carroll E. Day, Arthur W. Stokes and Edward C. Gillig, Grand Forks, N. D., were with him on the brief), for appellees.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

COLLET, Circuit Judge.

Henry Ulvick was president of and operated Ulvick's, a corporation, the business of which was the sale of farm implements and Chevrolet automobiles, together with a garage and service department, at Aneta, North Dakota. The corporation owned a 1951 Chevrolet, characterized as a demonstrator. Mr. Ulvick's daughter, Joanne, entered the University of North Dakota, at Grand Forks, some 65 miles from Aneta, in September, 1951. With her father's permission she took the Chevrolet with her for her own personal use. She rendered no service for the corporation at home or at Grand Forks. She had been instructed by her father that if the car gave her trouble she was to call him. About noon on December 22, 1951, when she undertook to

use the Chevrolet to drive home for the Christmas holidays, it failed to start. She called her father at Aneta by telephone. He told her to wait for him, that he would drive up and fix it. The corporation owned a pickup truck which Mr. Ulvick intended to use. The assistant manager of the corporation, Gordon Lusty, inspected the pickup for Ulvick and found it unusable. Whereupon Lusty offered his 1947 Chevrolet to Mr. Ulvick. The offer was accepted. Ulvick placed a battery and some tools in the Lusty car for use in fixing the corporation's Chevrolet. He intended to fix that car, have Joanne drive it to Aneta, and, if he had time to do so, look at some equipment which was for sale at East Grand Forks for possible purchase for the corporation before he returned to Aneta. Before he reached Grand Forks, driving the Lusty car, he had an accident involving another automobile referred to as the Ostlie automobile. Several persons were injured, including Mr. Ulvick. He was sued for damages by the other parties.

The Lusty car was covered by automobile liability insurance. That insurance inured to the benefit of Mr. Ulvick, driving the car as he was with the owner's, Lusty's, permission. But the coverage was qualified by the following limitation:

"The insurance with respect to any person * * * other than the named insured [Lusty] does not apply:

"(a) to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof, * * *."

By reason of this limitation, the Lusty policy did not cover the use of the Lusty car by Ulvick if the accident arose out of the use of the Lusty car in the operation of the corporation's business. The Lusty policy was issued by the Employers Mutual Casualty Company and will be hereinafter referred to as the "Employers" policy.

The corporation, Ulvick's, carried an Automobile Garage Liability Policy which covered injuries to persons arising out of the operation of the corporation's business, and of the use of any automobile "in connection with" such operations, the use for "non-business purposes of any automobile * * * in charge of the named insured and used principally in the * * * [business] operations," and the use "in connection with" the business operations of the corporation of any automobile not owned or hired by the corporation. By another provision of this policy Mr. Ulvick stood in the shoes of the corporation and hence his use of Lusty's car constituted a use of it by the corporation. This policy was issued by the Federated Mutual Implement & Hardware Insurance Company and will be hereinafter referred to as the "Federated" policy. It is obvious that unless the Lusty car was being operated in the business of or in connection with the business of the corporation, Ulvick's, at the time of the accident, the Federated policy did not cover it.

Federated, Ulvick's, the corporation, and Henry Ulvick in his personal capacity joined as plaintiffs in a declaratory judgment action in the United States District Court for North Dakota, seeking a declaratory judgment against Employers that Employers policy covered the accident. Federated asked judgment that its policy did not.

The cause was tried before the court and at its conclusion the trial court entered findings of fact, conclusions of law, and a judgment to the effect that the mission upon which Mr. Ulvick was engaged at the time of the accident was a personal one not involving the business of the corporation, Ulvick's, or incidental to the corporation's business; that the Federated policy did not therefore cover the accident and that the Employers policy did. From that judgment Employers appeals.

■■ The crucial finding of fact is as follows:

"The collision which occurred between the Gordon Lusty automobile

and the Ostlie automobile did not arise out of the operation of the Lusty automobile by Henry Ulvick in the garage operations of Ulvick's nor did it arise out of any operation incidental to the garage operations of Ulvick's."

Unless that finding is clearly erroneous the judgment must be sustained under the Federal Rules of Civil Procedure, 28 U.S.C.A. Employers contends that under the undisputed facts as a matter of law the Lusty car was being operated (a) as a necessary part of the corporation's business, or (b) on a mission incidental to the corporation's business, in either of which events the Federated policy applied. In support of its position Employers argues that the 1951 Chevrolet belonged to the corporation, it was the corporation's business to repair it and keep it running, that the Lusty car was being used for that purpose and was therefore being used in connection with a necessary operation of the business of the corporation, regardless of any other personal object involved in the trip. It is further argued that even if the trip in the Lusty car was not a necessary garage or corporation operation, the trip was being made for the purpose of repairing a corporation-owned vehicle and hence the trip was an incident to—"The ownership, maintenance or use of the premises [of the corporation] for the purpose of an automobile repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the use in connection with the above defined operations of any automobile not owned or hired by the named insured, * * *." The fallacy of Employers argument in this regard lies in the fact that for the Lusty car to be covered by the garage policy (Federated), the car must have been used in an operation necessary or incidental to the operation of the so-called garage business. And if the 1951 Chevrolet was not being used by Joanne Ulvick to some extent in the garage or corporation business, the use of the Lusty car in going to its aid would not

fall in the category of a use in connection with or incidental to the operation of the corporation's business. Thus the question is narrowed to one of fact. The trial court found that the operation of the Lusty car did not arise out of nor was it incidental to the garage operations of the corporation. There was ample evidence to justify the finding that the mission upon which Mr. Ulvick was embarked at the time of the accident was a purely personal one. As stated in one of the several cases cited by Employers, Allen v. Travelers Indemnity Co., 108 Vt. 317, 187 A. 512, 514:

"No precise definition of the phrase 'arising out of the operation' of a public garage or automobile repair shop can be attempted. It all depends upon the circumstances of the particular case, the nature of the transaction, its connection with the business, and whether it can be said to be a natural and necessary incident or consequence of the operation, though not foreseen or expected. See Brown v. Bristol Last Block Co., 94 Vt. 123, 125, 108 A. 922."

The finding settled the question.

It is contended that the Federated (garage) policy covered the accident under a clause therein which provided coverage for the "occasional use for other business purposes and the use for non-business purposes of any automobile * * * in charge of * * * [Ulvick] and used principally in the above-defined operations." What operations? Operations necessary or incidental to the conduct of the corporation's business. The record shows without dispute that the Lusty car was never used by Mr. Ulvick on any occasion except the one. That evidence did not require or justify a finding that the Lusty car was "used principally" in the corporation's business. And if, as Employers contends, the term "used principally" should be construed to apply to the one trip, then the answer to that contention is that the evidence justified the finding that the

"principal" use of the Lusty car for that trip was a personal use by Mr. Ulvick.

The point is advanced that the trial court erroneously applied the legal test of ascertaining the existence of an agency as the criterion for determining whether the use of the Lusty car by Mr. Ulvick was necessary or incidental to the operation of the garage business. Counsel state that the agency rule is entirely too strict for application in determining coverage under the broad language of this garage insurance policy. It is argued in effect that evidence insufficient to justify a finding that a person was using an automobile for business purposes as an agent rather than for personal purposes will require or at least justify a finding that the same use was incidental to a business use under the sweeping coverage of a policy such as this. Related to the same point is the further contention that Mr. Ulvick's intention to look at some garage equipment at East Grand Forks on the same trip made the trip sufficiently incidental to the business of the corporation to bring the trip within the coverage of the Federated policy. The trial court, as heretofore stated, found without qualification that the operation of the Lusty car was not incidental to the garage business. The testimony of Mr. Ulvick was that if he had time after fixing the 1951 Chevrolet he would go by East Grand Forks to look at the garage equipment but that he would not have made the trip had it not been on account of his daughter's call. It is apparent from the finding that the court considered the contingent possibility of an inspection of garage equipment as being of such slight importance as an activating motive for the trip that it was not even an incidental reason for the trip. What will constitute an incident to a corporation's business varies widely, dependent upon a multitude of factors and considerations. The conclusion reached by the trial court that the possibility of including an errand for the corporation was not even a substantial incident to the purpose of the trip is not under this record clearly erroneous and will not be disturbed.

And it is not a necessary conclusion from the record that the trial court applied the legal test of determining agency as the criterion for determining whether the trip made with the Lusty car was necessary or incidental to the corporation's business. The principle announced in several agency cases, including McIntee v. Baker, 66 N.D. 669, 268 N.W. 661, was referred to. But the reference to that principle appears to have been more for the purpose of analogy and to draw such assistance from it in determining whether the use was a personal one or incidental to the corporation's business rather than for the purpose of applying the agency rule as the sole criterion for determining coverage under the policy. The evidence was sufficient to justify the factual conclusion reached and stated without the application of the legal test for determining agency. Therefore, it is unnecessary in this case to consider or determine the propriety of applying the legal test of agency in determining insurance coverage under a policy of this kind.

The point is argued that the trial court was in error in holding that Employers policy covered the use of Lusty's car by Ulvick because of the exclusion clause heretofore quoted. The point is based upon the factual premise that the Lusty car was being used by Ulvick in the operation of "an automobile repair shop, public garage, sales agency, service station or public parking place," all of which uses are excluded by the clause relied upon. In the same connection Employers says that since this exclusion clause is narrower in the scope of the uses of the vehicle which are excluded, and only excludes uses directly connected with the operation of the type of business mentioned, if the use of the Lusty car was indirectly or merely incidentally connected with the operation of such a business it could apply to the accident and the Federated policy also apply under its broader inclusionary language which makes the latter cover uses which

are merely incidental to garage uses. The result in the latter event would be, of course, joint participation in coverage by both insurance companies. But both propositions are based upon the premise that there was either direct or at least incidental use of the Lusty car in the corporation's garage business. In view of the conclusion heretofore stated that the finding of no business use, either direct or incidental, was a permissible one under the evidence, neither proposition can be sustained.

No reversible error being shown, the judgment is affirmed.