THE LONDON AND LANCASHIRE INDEMNITY COMPANY OF AMERICA *v.* ROSE DURYEA ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 7—decided December 13, 1955

*Joseph V. Fay, Jr.,* with whom were *Francis J. McCarthy* and, on the brief, *Warren Maxwell,* for the appellant (plaintiff).

*David Goldstein* and *Bernard Glazer,* with whom, on the brief, were *Benjamin A. Markman* and *Frank Logue,* for the appellees (defendants Margaret E.

Young et al.); with them, on the brief, was *Walter D. Briggs,* in behalf of the appellee (named defendant).

BALDWIN, J. The plaintiff issued to Rose Duryea an owners' and tenants' liability policy, effective May 5, 1952, to cover premises on Main Street in the town of Colchester which were used for a restaurant where intoxicating liquors were sold. The policy contained the following agreements: "1. Coverage A—Bodily Injury Liability. To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of such of the hazards hereinafter defined as are indicated by specific premium charge or charges. . . ." The hazards covered were defined as follows: "Division 1. Premises—Operations. The ownership, maintenance or use, for the purposes stated in the Declarations, of the premises and all operations during the policy period which are necessary or incidental to such purposes." The purposes of use stated in the declarations were: "Restaurants— et al. Code 1318." The specific premium charge in the declarations was for bodily injury liability.

On March 9, 1953, Margaret E. Young, individually and as administratrix of the estate of Clifford W. Young, and Margaret S. Young, executrix of the estate of Clifford E. Young, brought an action against Rose Duryea to recover damages for bodily injuries sustained by Margaret E. Young and for the deaths of Clifford E. Young and Clifford W. Young. They alleged that the injuries and deaths

resulted from a collision, on October 19, 1952, between automobiles operated by the decedent Clifford E. Young and Ralph Bennett, which was caused by the acts of Rose Duryea, or of her agents, servants or employees, in serving intoxicating beverages to Bennett when she, or they, knew or should have known that he was intoxicated.

The plaintiff brought the present action for a judgment declaring that the cause of action alleged in the complaint in the Young suit, described in the preceding paragraph, is not within the coverage of the insurance policy issued by the plaintiff to Rose Duryea. The defendants in the present action are Rose Duryea, who is the plaintiff's insured, and the plaintiffs in the Young suit, that is, Margaret E. Young, individually and as administratrix, and Margaret S. Young, executrix. The instant case was presented by the parties and tried by the court upon the theory that the complaint in the Young suit stated a cause of action under § 4307 of the General Statutes.[1] Whether it does allege a good cause of action and whether the statute is a valid exercise of legislative power we are not required to decide, for we shall consider the present case upon the same theory as the trial court. Maltbie, Conn. App. Proc., p. 32.

Section 4307 was enacted in 1933 following the repeal of the eighteenth (prohibition) amendment to the federal constitution.[2] Cum. Sup. 1935, § 1088c.

---

[1] "Sec. 4307. LIQUOR SELLER LIABLE FOR DAMAGE BY INTOXICATED PERSON. If any person, by himself or his agent, shall sell any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, shall thereafter injure the person or property of another, such seller shall pay just damages to the person injured, to be recovered in an action under this section."

[2] The genesis of § 4307 is found in Public Acts 1882, c. 107, pt. 6, § 12. The wording of this act continued substantially unchanged

It is designed to establish a cause of action against the seller of intoxicating liquor upon proof of three essentials: (1) a sale of intoxicating liquor (2) to an intoxicated person (3) who, in consequence of such intoxication, causes injury to the person or property of another. It differs fundamentally from its predecessor, § 2815 of the Revision of 1918,[3] which became obsolete when the eighteenth amendment to the federal constitution went into effect in 1920. See Ref. Table, Rev. 1930, p. xvi. To establish a cause of action under § 2815, it was essential to prove a sale of intoxicating liquor, to be drunk on the premises, to a person who thereby became intoxicated and, while intoxicated and in consequence of that condition, injured the person or property of another. In other words, under § 2815 liability was predicated upon proof of a causal connection between the sale of the intoxicating liquor and the injury. Under § 4307 it is not. Whether the legislature intended so drastic a change is not for the court to speculate. The language of § 4307 is plain and it cannot be construed to embrace something which obviously it does not. *Danbury* v. *Corbett*, 139 Conn. 379, 384, 94 A.2d 6; *State ex rel. Rourke* v. *Barbieri*, 139 Conn. 203, 207, 91 A.2d 773.

through the Revision of 1918 (§ 2815). When the eighteenth amendment was in the process of repeal, the General Assembly, upon the recommendation of a commission appointed by the governor, enacted the present statute. Conn. S. Jour., 1933 Sess., pp. 1167, 1196 § 74, 1375, 1408 § 72; Conn. H. Jour., 1933 Sess., pp. 1124, 1153 § 74, 1321, 1352 § 72.

[3] "Sec. 2815. LIQUOR SELLER LIABLE FOR DAMAGE BY INTOXICATED PERSON. Every person who by himself or his agent shall sell any spirituous and intoxicating liquor to any other person, to be drunk on the premises, who thereby becomes intoxicated, and who while so intoxicated, shall in consequence of said intoxication injure the person or property of another, shall pay just damages to the person injured, to be recovered in an action under this section."

This brings us to the question whether the liability imposed by § 4307 is covered by the policy of insurance issued by the plaintiff to Rose Duryea. When the language of an insurance contract is fairly open to different interpretations, the one which will sustain the insured's claim is the one to be adopted. *Scranton* v. *Hartford Fire Ins. Co.,* 141 Conn. 313, 315, 105 A.2d 780, and cases cited. On the other hand, if the language is plain and unambiguous, it must be accorded its ordinary meaning. A court cannot import into an insurance policy an ambiguity where none exists and give to its language a meaning which the parties obviously never intended. *Komroff* v. *Maryland Casualty Co.,* 105 Conn. 402, 406, 135 A. 388; *Porto* v. *Metropolitan Life Ins. Co.,* 120 Conn. 196, 200, 180 A. 289. An insurance company has the same right as any other party to a contract to state the terms upon which it shall be obligated, provided those terms do not contravene statutory requirements or public policy. 7 Appleman, Insurance Law & Practice, § 4255. In the instant case the plaintiff does not undertake to insure all liability imposed by law upon Rose Duryea but only the liability which arises out of the circumstances described in the policy.

By the plain terms of the policy, the plaintiff agrees to pay on behalf of its insured all sums which the insured may become obligated to pay by reason of the liability imposed upon her by law for damages "because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of" the hazard covered in the policy. That hazard is defined as the "ownership, maintenance or use" of the described premises for a restaurant, which includes, though it is not expressly so stated, the sale

of intoxicating liquor. The decisive words are "caused by accident and arising out of." It seems obvious that these words modify "bodily injury, including death . . . resulting therefrom." The bodily injury must be "caused by" accidental and not intentional means. 7 Appleman, op. cit., § 4312. So far as the instant case is concerned, it must arise out of the sale of intoxicating liquor. The words "arising out of" mean "caused by." *Larke* v. *John Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 309, 97 A. 320; *Jacquemin* v. *Turner & Seymour Mfg. Co.*, 92 Conn. 382, 384, 103 A. 115; *Allen* v. *Travelers Indemnity Co.*, 108 Vt. 317, 323, 187 A. 512.

The delict defined by § 4307 is not the sale of liquor to create a condition of intoxication. It is rather the sale of liquor to one who is already intoxicated. Accordingly, the damages for which it is claimed that Rose Duryea is liable are those resulting from injuries which were inflicted in consequence of the intoxication of Bennett—an intoxication which existed before Mrs. Duryea did any wrongful act. The injuries therefore did not arise out of her delict. The policy insures only such liability as comes into being if some delict on the part of the insured proximately causes an injury. It does not insure a liability, such as that stated in § 4307, which eventuates without any causal connection between the delict and the injury.

It is true that the complaint in the Young suit against Mrs. Duryea alleges a causal connection between the serving of the liquor and the collision which resulted in the injuries and deaths. Even so, it does not state a cause of action at common law. *Howleit* v. *Doglio*, 402 Ill. 311, 318, 83 N.E.2d 708; 30 Am. Jur. 576, § 612; see *Noonan* v. *Galick*, 19 Conn. Sup. 308, 309, 112 A.2d 892. The plaintiffs in

that suit must rely upon § 4307 in order to recover. The allegation of causation is immaterial and unnecessary to the statement of a cause of action under this statute. A judgment upon the Youngs' complaint which found all the issues in favor of the plaintiffs, including the one raised by the allegation of causation, would import no more than that the allegations material and necessary to the establishment of a cause of action under the statute had been proved. *Williamson's Appeal,* 123 Conn. 424, 426, 196 A. 770; *DiBlasi v. DiBlasi,* 116 Conn. 699, 700, 163 A. 473; *Seymour* v. *Norwalk,* 92 Conn. 293, 295, 102 A. 577; *Pavelka* v. *St. Albert Society,* 82 Conn. 146, 148, 72 A. 725; Practice Book § 191. A party cannot enlarge his cause of action by allegations not essential to a judgment in his favor. *Coit* v. *Tracy,* 8 Conn. 268, 276; *Hotchkiss* v. *Nichols,* 3 Day 138, 143; 2 Freeman, Judgments (5th Ed.) p. 1474. Mrs. Duryea's liability comes into being only by virtue of the statute, and under the statute proof that the serving or sale of liquor to Bennett caused or contributed to cause the injury is not required to make out a case.

There is error, the judgment is set aside and the case is remanded with direction to render a judgment declaring that the cause of action alleged in the suit brought by Margaret E. Young and Margaret S. Young against Rose Duryea by writ and complaint dated March 9, 1953, and made returnable to the Superior Court in Hartford County on the first Tuesday of April, 1953, is not within the coverage provided by the owners' and tenants' liability policy No. HN 1058831, issued by the plaintiff to the defendant Rose Duryea.

In this opinion INGLIS, C. J., O'SULLIVAN and DALY, Js., concurred.

WYNNE, J. (dissenting). In my opinion we should hold that it is sound public policy which creates a civil cause of action under the Liquor Control Act which was not known at common law. The language in the insurance policy under scrutiny obviously comprehends the sale of intoxicating liquors under circumstances which impose liability under the statute. The dilemma facing insurance companies is an underwriting one rather than a legal one. And I believe that innocent people who are grievously injured through someone's intoxication, or the estate of one whose life has been snuffed out under similar circumstances, ought to have a cause of action that is not an empty sham.