The **AMERICAN SURETY COMPANY OF NEW YORK, Plaintiff-Appellant,**

v.

**Thomas RODEK and Mary Rodek,**

**and**

**Nancy Walasiewicz, p.p.a. and Nancy Walasiewicz, Mother and Next Friend of said Minor, Defendants-Appellees.**

**No. 98, Docket 23174.**

United States Court of Appeals Second Circuit.

Argued Dec. 13, 1954.

Decided Jan. 3, 1956.

Warren Maxwell, Francis McCarthy, Hartford, Conn., for appellant.

Joseph P. Cooney, Henry F. Cooney, Hartford, Conn., for appellees.

Before SWAN, FRANK and HINCKS, Circuit Judges.

PER CURIAM.

This appeal arises from a judgment dismissing appellant's declaratory judgment action wherein the appellant-insurer sought a declaration that it was not liable under its policy in respect to a claim arising under the following stipulated facts.

On June 5, 1953 there was outstanding a policy, effective July 1, 1952 to July 1, 1953, insuring the Rodek appellees against specified hazards incidental to their operation of a Connecticut restaurant. The appellee Nancy Walasiewicz had filed suit in a state court against the Rodeks claiming that on that date they had sold intoxicating liquor in their restaurant to her male companion who at the time was already intoxicated, and that, after leaving the restaurant premises, she had been raped by her companion. Liability was predicated upon the so-called Dram Shop Act. Gen.Stats.Conn. 1949, Section 4307.

The court below held that the appellant's policy insured the appellees Rodek, within the policy limits, against the liability which the appellees Walasiewicz asserted in their state court suit.

■ Shortly after this appeal was argued, and before our decision had been announced, counsel for the first time called to our attention the fact that the case of London & Lancashire Indemnity Co. of America v. Duryea, 19 Conn.Sup. 222, 111 A.2d 25 was pending in a Connecticut state court, which although between other parties, also involved an interpretation of Gen.Stats.Conn. § 4307 and its application to an insurance policy similar to that here involved. Since jurisdiction in the case before us was based on diversity of citizenship and hence required us to apply the law of Connecticut, and since the appeal raised close questions of local law which had never been finally adjudicated by a Connecticut court, we thought it appropriate and in line with the direction of Spector Motor Service v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101, to withhold our decision until the Duryea case had been finally decided by the state court.

■ Although the judge in the Connecticut trial court ruled on the questions involved as did Judge Smith in the case below, that ruling has now been reversed by the Supreme Court of Errors of Connecticut in its judgment of December 13, 1955 which was announced on December 20, 1955. Conn., 119 A.2d 325. That opinion we must accept as authoritative: it determines favorably to the appellant all the questions raised by this appeal.

Reversed and remanded with a direction to enter a judgment declaring that liability asserted by the Walasiewiczes in their state court action against the Rodeks is not within the coverage of the appellant's policy.