HeNry A. HtjbsoN, J.
This is an action brought by the plaintiffs against the St. Panl-Mercnry Indemnity Company for a declaratory judgment directing that the defendant insurance company is obligated pursuant to the terms of an insurance policy issued by it to the plaintiffs January 1, 1955 for any liability which might b'e imposed upon the plaintiffs by law to the extent of the policy limits by reason of injuries sustained by one Sigurd 0. Abrahansen, a pedestrian who was struck by an automobile operated by an employee of the plaintiffs and owned by one Faith Seidenberg. The accident occured while said automobile was being operated upon a public street in the City of Syracuse by an employee of the plaintiffs engaged in delivering the automobile from the service station operated by the plaintiffs to the said Faith Seidenberg or her designee. A declaration is also sought by the plaintiffs that the defendant insurance company is obligated pursuant to the terms of its insurance contract to defend any action brought against the plaintiffs. As a result of such injuries plaintiffs further seek relief in the alternative in the event it is held that the policy does not cover the liability for which suit has been instituted against the plaintiffs by said Abrahansen based upon alleged representations made to the plaintiffs by Henry C. Lawrence, a representative and agent of the insurance company. Plaintiffs allege Lawrence represented that the policy issued by him as agent for the insurance company would provide coverage for the plaintiffs for liability such as is claimed by Abrahansen. The plaintiffs urge they are entitled to a declaratory judgment directing that the insurance policy be held to cover the liability of the plaintiffs in question and that it should be reformed to comply with the representations of the defendant Lawrence that it would cover such an accident as involved in the action instituted by Abrahansen. The plaintiffs then set up a further cause of action against the defendant Lawrence individually seeking judgment against him for negligence in not issuing a policy providing the coverage which he had represented to the plaintiffs would be provided under the policy and requiring him to defend the action and to pay any judgment obtained against the plaintiffs in such action to the extent of the policy limits.
The action was tried before the court without a jury, April 17,1957. At the conclusion of the testimony a motion was made and granted dismissing the cause of action against the defendant, *756 Henry C. Lawrence individually on the ground that the plaintiff had failed to establish by a fair preponderance of the evidence, any negligence upon the part of the defendant, Henry C. Lawrence. Most of the facts involved in a determination of the action are not disputed and were covered by a stipulation entered into by the parties.
I am satisfied from such stipulation and from the proof presented by the plaintiff that the parties are residents of the City of Syracuse, New York; that the defendant St. Paul-Mercury Indemnity Company is a foreign corporation organized under the laws of the State of Delaware and having its principal office in the City of St. Paul, Minnesota; that it is duly authorized to do business in the State of New York; that the defendant, Henry C. Lawrence resided in the City of Syracuse, New York, is a duly authorized insurance agent and broker and authorized by the defendant insurance company to issue its policies of insurance; that the plaintiffs on January 1, 1955 and for sometime prior thereto leased a retail gasoline and oil supply station at 827 East Fayette Street in the City of Syracuse, New York and conducted business thereat under the assumed name and style of Service Lubricating Company; that on January 1, 1955 the defendant St. Paul-Mercury Indemnity Company through its agent, Henry C. Lawrence, issued to the plaintiffs a contract of insurance which was received in evidence as “ Exhibit 2 ” entitled “ Manufacturers’ and Contractors’ Liability Policy No. 1382353 renewal of policy number 1382308 ” insuring the plaintiffs for personal injury liability in connection with its business, with limits of 10 and 20 thousand dollars; that said policy of insurance was in full force and effect on February 17, 1955; that on that, date the plaintiffs through their employee, Millard Towndrow, were delivering an automobile owned by Faith Seidenberg, which had been left with them for services, and parking, to the office of her husband, Dr. Robert Seidenberg; that while said automobile was being operated on a public street in the City of Syracuse, N. Y. by Millard Towndrow it came into contact with one Sigurd Abrahansen causing injuries to the said Abrahansen for which he instituted an action in the Supreme Court of Onondaga County against numerous persons including the plaintiffs, to recover for such alleged personal injuries in the sum of $50,000; that the plaintiffs caused notice of the occurrence of the accident on February 17, 1955 to be given to the defendants and that the defendant, insurance company, through its agent Henry C. Lawrence and others caused an investigation to be made of the facts and circumstances surrounding the injury *757 of Sigurd Abrahansen in said accident; that subsequently and on August 19, 1955 a summons and complaint was served on tbe plaintiffs in an action instituted by Sigurd Abrahansen and that the summons and complaint were turned over to the insurance company through its agent, Henry C. Lawrence; that the plaintiffs demanded of said insurance company that such action be defended in their behalf in accordance with the terms of said policy (Exhibit 2) but that the insurance company returned the summons and complaint denying that there was any coverage under the policy for the injuries claimed by Sigurd Abrahansen and the defendant insurance company refused to defend said action or acknowledge any liability therefor under the terms of said policy.
The plaintiffs in seeking alternate relief for declaratory judgment against the defendant, St. Paul-Mercury Indemnity Company allege that the defendant, Henry C. Lawrence, as their agent made certain representations that the insurance policy would cover such an accident as occurred February 17, 1955 and for which the said Abrahansen is seeking to recover damages from the plaintiffs and that plaintiffs had advised Henry C. Lawrence before the insurance policy was issued that they desired and expected coverage for such liability, consequently even though under the terms of the policy itself such coverage is not provided, the plaintiffs are entitled to have the policy reformed.
It appeared to my satisfaction from the proof which was presented that the policy in question was a renewal policy of a similar policy which had been written for the plaintiffs by the insurance company the previous year and for a considerable period of time prior thereto and that the plaintiffs had been aware of the nature of the insurance coverage provided through knowledge obtained by the father of the plaintiff, Sol Blumin, who had charge of and was acquainted with the various insurance policies held by the plaintiffs. I do not feel that the plaintiffs established by the fair preponderance of evidence required of them that the defendant, Henry C. Lawrence, represented to them that the policy would cover them for the liability for which the action against them has been instituted by Sigurd Abrahansen.
I am also of the opinion that the plaintiffs have failed by a fair preponderance of evidence to establish the representations of the defendant, Henry C. Lawrence, as agent of the St. Paul-Mercury Indemnity Company were in any way fraudulent or that there was any mutual mistake of fact either on their part, *758 the part of the defendant, Henry C. Lawrence, or on the part of the defendant insurance company which could in any way support or justify a reformation of the policy.
The plaintiffs also urge that the defendant insurance company is estopped from denying the right of the plaintiffs to protection under said policy by reason of the representations of its agent, Henry C. Lawrence. I do not feel that the plaintiffs have established any facts which would entitle them to relief by estoppel by a fair preponderance of the evidence. I am, therefore, of the opinion that the request of the plaintiffs for alternate relief of reformation or declaration of liability by reason of the alleged misrepresentations of the defendant, Henry C. Lawrence, is without merit and the cause of action set forth in the complaint based thereon is dismissed on the merits.
This leaves for determination the first cause of action in the complaint which seeks a declaration that the defendant insurance company is responsible under the terms of the insurance contract, for any liability upon the part of the plaintiffs arising out of the accident in question and the further declaration that the defendant insurance company is, therefore, obligated to defend the action brought against the plaintiffs by the said Sigurd Abrahansen.
The policy in question is designated ‘ ‘ Manufacturers ’ and Contractors’ Liability Policy”. Under the terms thereof the company undertook to insure the plaintiffs as lessees of the entire premises at 827 East Fayette Street, Syracuse, New York, the business of the insured being listed as “ gasoline and oil supply station — retail ”. Item 4 of the Declarations reads as follows:
“ The insurance afforded is only with respect to such and so many of the following coverages and divisions and subdivisions thereunder as are indicated by specific premium charge or charges. The limit of the Company’s liability against each such coverage and division thereunder shall be as stated herein, subject to all of the terms of this policy having reference thereto.
“ The absence of a premium charge in any premium space shall mean that insurance is not afforded with respect to the Division or Subdivision of Hazards opposite thereto for the coverage there above.”
The Hazards are defined solely as “ Division 1 — Premises — Operations ” and the coverage was limited to bodily injury liability, $10,000 each person, $20,000 each accident. No othei premium charge was designated than for that coverage undej Division 1. Item 6 under Declarations reads as follows: “ Th{ *759 named insured does not conduct any business operations at any undisclosed location, except as herein stated: No ex.”
The Declarations in respect to the policy are stated to be I included in Schedule A and in the case of the instant policy the only declaration is listed under Item 1, premises and operations as “ gasoline or oil supply station — retail ... Code #3437 ”. The pertinent provisions of the policy include Coverage A, Bodily Injury Liability: “ 1. Coverage A — Bodily Injury Liability. To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the hazards hereinafter defined.”
Definition of Hazards, Division 1: “ Division 1. Premises — Operations. The ownership, maintenance or use of the premises, and all operations which are necessary or incidental thereto.” Exclusions. ‘‘ This policy does not apply * * * (a) under division 1 of the Definition of Hazards, to dogs owned by the Insured, automobile, watercraft, draft or saddle animals or vehicles for use therewith, or the loading or unloading thereof, while away from the premises, unless such hazards are specifically declared and described in this policy and premium charged therefor;”
Conditions: “3. Premises Defined. The unqualified word 1 premises ’ wherever used in this policy shall mean (a) the premises designated in the declarations and other premises of which the named Insured acquires ownership or which he rents luring the policy period, including buildings and structures thereon and the ways immediately adjoining and (b) other places while used by or on behalf of the named Insured, except owned or rented by the named Insured and except ublic ways used in common with others.”
It is urged by the plaintiffs that when they undertook through Leir employee, Millard Towndrow, to deliver the automobile •om their service station to the office of Dr. Robert Seidenberg, asband of the owner of the car, such action constituted an Deration incidental and necessary to the operation of a public gasoline and oil supply station — retail ’ ’ and that conseaently the terms of the policy (Exhibit 2) covered any liability Lcurred as a result of the accident in which the car became Lvolved at the intersection of East Fayette and South State treets in the City of Syracuse, New York on February 17,1955. he plaintiffs further contend that although the accident *760 occurred away from the premises it was within the coverage of the definition of hazards as limited by Exclusion (a) for the reason that they contend that Exclusion (a) must be construed to apply to the nature and place of the hazard rather than the place of the accident and that in this instance the delivery of the automobile commenced at the gasoline station and was a continuing operation at the time of the accident.
The defendants contend that the delivery of the automobile was not an operation incidental or necessary to the operation of the “ gasoline or oil supply station — retail” conducted by the plaintiffs; that in any event it was specifically excepted under the exclusion provision (a) of the policy and that the policy of insurance in question was not an automobile liability policy but was specifically limited both under its terms and the premiums charged to liability for injuries sustained upon the premises and that the designation, “Manufacturers’ and Contractors’ Liability Policy ” clearly so indicated.
The plaintiffs rely upon Wendt v. Wallace (185 Minn. 189) and Allen v. Travelers Ind. Co. (108 Vt. 317). These cases do hold that the delivery of an automobile by the operator of a public garage is an operation incidental to the conduct of the business of the garage but the cases in question arose out of efforts by the garage operator to compel payment under an automobile liability policy held by the owner of the automobile. It seems to have been instigated for the benefit of the automobile liability insurer of the garage owner. The Travelers Insurance Company was the defendant in each case as the insurer of the owner of the automobile and had denied liability on the ground that the specific exclusion in the policy applied in the case of the operation of the automobile with the owner’s consent by the garage owner. In view of the exclusion contained in the policy with which we are here concerned, I do not believe it is necessary to pass upon the question of whether or not the delivery of an automobile under the circumstances which exist here constituted an operation incidental or necessary to a gasoline and oil supply statior and that question is not here decided.
I am of the opinion that the definition of “ hazards ” in the policy as limited by paragraph (a) of the Exclusions does no1 provide coverage to the plaintiffs for liability incurred in the operation of an automobile owned by a customer while it was not located upon the premises specified in the policy as being the place of business of the plaintiffs. I believe this is also true ii view of the definition of ‘ ‘ premises ’ ’ as contained in the policj under paragraph (b) of this definition where a specific exceptioi is made of “ public ways used in common with others This *761 accident occurred upon a public highway in the City of Syracuse, New York some several blocks distant from the plaintiffs’ premises and it seems to me specifically comes within the exception of the policy.
I have examined the cases relied npon by the plaintiffs supporting their theory that the nature and place of the hazard controls rather than the place of the accident. These cases involve circumstances where the negligence involved had taken place upon the premises operated by the insured. The accident occurred at a distant place but the cause of the accident was the negligent condition created on the premises insured. In the present case the only negligence involved was that which occurred at the place where the accident happened. There was no proof at all that the employee of the plaintiffs was negligent at the time of leaving the plaintiffs’ premises and continued to oe negligent until the time of the accident or that any negligence which might have occurred before the place where the accident occurred was reached was in any way a contributing cause to or had any relation to the accident itself. In view of this determination the plaintiffs, in my opinion, are not entitled to a leclaratory judgment as requested and the defendants’ motion ;o dismiss the first cause of action in the complaint is likewise granted.