DAVIS *v.* TERRIEN.

1. INTOXICATING LIQUORS—CIVIL DAMAGE ACT—BURDEN OF PROOF.
   Plaintiff has the burden of proof in an action under the civil damage act to show that the party who injured plaintiff was intoxicated at that time and when defendant sold liquor to him, and that there was a causal connection between the unlawful sale and plaintiff's injuries (CLS 1956, § 436.22, as amended by PA 1958, No 152).

2. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.
   The Supreme Court views the testimony in the light most favorable to plaintiff on review of a judgment *non obstante veredicto* against him.

3. INTOXICATING LIQUORS—CIVIL DAMAGE ACT—PROOF OF INTOXICATION—QUESTION FOR JURY.
   It is for jury to determine whether or not person who injured plaintiff in action against tavernkeeper under civil damage act was intoxicated at time defendant sold the tort-feasor liquor illegally and when plaintiff was injured, where there is competent proof to go to the jury; hence, where there was such competent evidence presented, judgment for plaintiff must enter on verdict for him (CLS 1956, § 436.22, as amended by PA 1958, No 152).

Appeal from Oakland; Dondero (Stanton G.), J. Submitted April 7, 1961. (Docket No. 39, Calendar No. 48,837.) Decided September 22, 1961.

Case by Richard Davis against George E. Terrien and others, doing business as Terrien's Bar, under

REFERENCES FOR POINTS IN HEADNOTES.

[1] 30 Am Jur, Intoxicating Liquors §§ 541, 542, 557.
[2] 3 Am Jur, Appeal and Error § 849.
[3] 30 Am Jur, Intoxicating Liquors § 540.

the civil damage act for injuries sustained when assaulted by intoxicated patron. Judgment for defendants *non obstante veredicto.* Plaintiff appeals. Reversed and remanded for entry of judgment on verdict.

*Albert Lopatin,* for plaintiff.

*Clayton F. Jennings* and *Fletcher L. Renton,* for defendants.

DETHMERS, C. J. This action was brought under the civil damage act. CLS 1956, § 436.22, as amended by PA 1958, No 152 (Stat Ann 1959 Cum Supp § 18.993). Plaintiff charged in his declaration that he had entered defendants' tavern; that while there one of defendants' employees unlawfully served one Celestine P. Johnson with beer while he was intoxicated; that after drinking some of that beer, which contributed further to his intoxication, Johnson, as a result, struck plaintiff and caused him the injuries for which this suit was brought.

A jury returned a verdict of $20,000 for plaintiff. Having reserved decision on defendants' previous motions for directed verdict, the trial judge entered a judgment *non obstante veredicto* for defendants on the ground that plaintiff had failed to offer competent evidence of an illegal furnishing of liquor to Johnson by defendants and that the opposite had been proved by undisputed testimony.

Reliance by defense rests largely on *Wyatt* v. *Chosay,* 330 Mich 661, as authority that the burden was on plaintiff to establish that Johnson was intoxicated when he injured plaintiff and also, as constituting the unlawful sale to him, that he was so when defendants sold the liquor to him, and that there was a causal connection between that unlawful sale and plaintiff's injuries. That is the law. Our

opinion in that case sets forth much of the applicable law on this subject. While the burden of proof is on plaintiff, *Wyatt* and many other cases also hold that on review of a judgment *non obstante veredicto* against him we must view the testimony in the light most favorable to him.

The disputed question in this case was whether Johnson was intoxicated when defendants' employee sold him the liquor and when he struck plaintiff. There was testimony by Johnson, by the bartender, and by a police officer that he was not. Perhaps it should have been, but apparently was not, believed by the jury. It is not for us to weigh the testimony but to determine, from a most favorable view of the evidence for plaintiff, whether there was competent proof to go to the jury that Johnson was intoxicated at those times. If so, it was for the jury and not for the court to decide the case.

Plaintiff's testimony included the following:

1. That at about 11 p.m., while he was in defendants' tavern, Johnson started to molest him, that he complained of it to defendants' bartender and that the latter told Johnson he had had enough to drink and that he should go home, but that that bartender nevertheless served Johnson with another drink of beer after that.

2. That plaintiff considered Johnson very drunk at that time.

3. That Johnson, a total stranger, came to sit next to him at the bar and insisted on shaking hands with him despite plaintiff's refusal.

4. That Johnson then put his hands on plaintiff's private parts and made an immoral proposition to him.

5. That plaintiff then got up to go because he feared Johnson, whereupon the latter swung him around, assaulted him and knocked him down.

Johnson testified that he did not know where he had been on the night in question between 6:30 and 8:30 p.m., but might have been in the Varsity Bar; that he could have arrived at that bar at 8:30 p.m. and that he consumed 4 shells of beer there and ordered 3 beers in defendants' tavern. He admitted striking plaintiff at that time and place and having called plaintiff a "pimp", explaining that plaintiff looked like one to him.

Even though the lone expression of plaintiff's opinion of Johnson's state of intoxication, unsupported by testimony as to the indicia thereof, were to be held insufficient, it seems to us that the above recited items of testimony as to facts, given by plaintiff and by Johnson, sufficed as competent evidence to go to the jury, upon which they might properly make the finding they did. This case is thus distinguishable from *Wyatt* v. *Chosay,* in which there was only the opinion testimony of a doctor to support plaintiff's claim of intoxication, the infirmity having consisted of the fact that his opinion had been, as we said (p 671), "based on assumptions rather than on facts established by proof."

Reversed and remanded for entry of judgment on the jury's verdict. Costs to plaintiff.

CARR, KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.