**Thomas R. McCoy, Plaintiff-Appellee, v. Joseph C. Spalding and Geneva J. Spalding, d/b/a Spalding's Tavern, Defendants-Appellants.**

### Gen. No. 10,434.

Third District.

May 20, 1963.

Joseph L. Rosenberg, Wayne L. Bickes, Rosenberg, Rosenberg & Bickes, of Decatur, for appellants.

Weilepp, Wilson & Dyar, of Decatur (Vernon H. Houchen, of counsel), for appellees.

CARROLL, J.

This is an action to recover damages for personal injuries alleged to have been inflicted upon plaintiff by an intoxicated person, and is brought under the Illinois Dramshop Act. The incident out of which it arose occurred in the early morning hours of October 9, 1960, in the parking lot of the D. & L. Cafe in Decatur, Illinois, when plaintiff was shot in the stomach by Ronald Larry Lowe.

The Complaint recites that on October 8, 1960, the defendants sold alcoholic liquor to Ronald James Lowery, causing him to become intoxicated; that at 4:00 a. m. on October 9, 1960 while intoxicated, Lowery, in combination and in consort with Ronald Larry Lowe and Gary Lowe, committed an assault and battery upon the plaintiff; that in consequence of his intoxication, Ronald James Lowery jointly with Ronald Larry Lowe and Gary Lowe, assaulted the plaintiff, said assault culminating in plaintiff being shot in the stomach by a 22 caliber revolver furnished by Ronald James Lowery; and that the plaintiff was injured by Ronald James Lowery acting joint-

ly with Ronald Larry Lowe and Gary Lowe, who were intoxicated at the time of the injury. A jury trial resulted in a verdict for plaintiff in the sum of $10,-000, upon which judgment was entered. Following denial of defendants' post trial motion, this appeal was taken.

It is the defendants' contention that there is no evidence that they gave or sold alcoholic liquor to Ronald Larry Lowe, who shot and injured plaintiff; that there is no evidence that Lowery, to whom defendants sold intoxicants, inflicted the injuries for which plaintiff seeks damages; and that consequently, the trial court erred in refusing to direct a verdict for defendants.

Most of the evidence which assumes importance on this review is not in conflict. Defendants operated a tavern, known as Spalding's, located at Wykles Corner, in or near Decatur, Illinois. At about 9:00 p. m., October 8, 1960, Lowery purchased one or two 12 ounce bottles of beer from defendants, and shortly after midnight of the same day returned to their tavern and purchased six quarts of beer. These sales to Lowery are admitted by defendants. At about 11:00 p. m., and following the first purchase of beer, Lowery met Ronald Larry Lowe and Gary Lowe in the parking lot of a restaurant in an area adjacent to defendants' tavern. Ronald Larry Lowe, who is referred to in the record as Larry Lowe, aged twenty years, and Gary Lowe, who was 17 years old, were brothers. Lowery and the Lowe brothers then went for a ride in a car owned and driven by Gary, leaving the Lowery car in the parking lot. The Lowe brothers both testified that before leaving for the ride, Lowery went to his car and got a case containing 24 cans of Falstaff beer and placed it in Gary's car. These witnesses also testified that after riding for some time, they returned to the restaurant parking lot area, at which time Lowery procured a revolver and some

shells from his car; that the ride was then resumed with the three men drinking beer and firing the revolver at various objects along the roadside. Thereafter, they returned to and entered the D. & L. Cafe. There is evidence that all three were then intoxicated. At that time, plaintiff, with Herbert and Reba Loveall, were in the restaurant sitting in a booth near the entrance door. The Lowes and Lowery sat at a table about ten feet from plaintiff's booth. Larry Lowe later left the table and moved to the booth, sitting next to Herbert Loveall. Gary then came over to the booth and spread catsup and mustard in plaintiff's plate. Lowery remained seated at his table. Herbert Loveall shoved or slapped Gary. At that time Lowery arose from his seat at the table and helped to separate Loveall and Gary. The Lowe brothers and Lowery then left the cafe, but remained in the parking lot. Plaintiff's party continued to sit in the booth, drinking coffee for some twenty minutes. Reba Loveall testified that during this period she saw Larry tap at the restaurant window with a gun in his hand. Plaintiff and Reba Loveall left the restaurant together and Herbert remained to pay the check. At that time, Gary walked up to plaintiff and slapped him, and then the three boys went to their car. Reba Loveall returned to the cafe stating she was going to call the Sheriff. Plaintiff followed the boys to Gary's car and told them they were not going to leave, but must wait for the Sheriff. Plaintiff then closed the car door on Gary's foot. Plaintiff testified he did this to prevent Gary, who was in the driver's seat, from moving the car until the Sheriff had arrived. He also testified that prior to that time, he had seen no gun. When plaintiff did this, Larry Lowe stepped out from the other side of the car and said "I've got a gun." Following this statement, plaintiff stepped back two steps and Larry shot him. At the time of the shoot-

ing, Lowery was sitting in Gary Lowe's automobile. Reba Loveall testified she saw the gun in Larry's hand when he shot plaintiff. Larry Lowe was subsequently convicted of the crime of assault upon the plaintiff with intent to commit murder, and at the time of the trial, was incarcerated in the Illinois State Penitentiary. The evidence as to the ownership of the gun, its possession prior to the time plaintiff was wounded, and the disposition thereof subsequently made was conflicting. However there is no evidence that Lowery fired the shot which caused the injury for which plaintiff seeks damages in this action.

The basic question presented by this appeal is whether, under the Illinois Dramshop Act, the defendants may be held liable for the acts of an intoxicated person to whom they did not sell or give intoxicating liquor.

 In considering such question it is pertinent to observe that this case was tried on the theory of a direct action for an injury inflicted by an intoxicated person. Accordingly, plaintiff was required to prove that he was injured by an intoxicated person and that the defendants caused the intoxication of such person by selling or giving him intoxicating liquor. Here it is alleged in the Complaint that the injuries sustained by plaintiff resulted from a gunshot wound. Plaintiff concedes that the bullet causing such wound was fired by Larry Lowe. There is no evidence that the defendants gave or sold any intoxicating liquor to Larry Lowe, or that he was in the defendants' tavern at the time of any sale made to Lowery. The proof is only that Larry Lowe consumed some of the beer which Lowery purchased. Under such circumstances, the defendants could not be held liable in damages for plaintiff's injuries which obviously were not caused by the person to whom defendants allegedly sold intoxicating liquor. In Black-

well v. Fernandez, 324 Ill App 597, 59 NE2d 342, a purchaser of whiskey from defendant, later shared it with his roommate, Tanner, who became intoxicated and killed another person. In reversing a Judgment for plaintiff, in an action brought under the Dramshop Act, the Appellate Court held that the fact that the purchaser of liquor shared it with another who became intoxicated and caused injury to others did not render the defendants liable, and had this to say:

> "We do not find a scintilla of evidence that Fernandez or any of his servants either sold or gave intoxicating liquor to Tanner. The undoubted fact that the liquor was sold to his roommate, Charley Bryan, and by Bryan afterwards in his own room shared with Tanner, would not make Fernandez or Live Stock National Bank liable under the statute. . . ."

The rule announced in the Blackwell case was followed by this Court in Stinson v. Edlen, 27 Ill App2d 425, 169 NE2d 682. We also find that such rule has been followed in other jurisdictions as indicated by Maldonado v. Claud's Inc., 347 Mich 395, 79 NW2d 847 and Fladeland v. Mayer (ND), 102 NW2d 121.

Plaintiff argues that the proposition of law set forth in Blackwell is not applicable to the case at bar. It is asserted that the distinction between the two cases lies in the fact that in Blackwell the purchaser was not involved in the assault, while here, defendants admit direct sales to Lowery, who is "inescapably linked with the tortious act of the Lowe boys." We are unable to agree that such distinction exists. The defendants can be held liable only for the tortious conduct of Lowery. As stated in Hill v. Alexander, 321 Ill App 406, 53 NE2d 307: "The act does not create a right of action for all acts of intoxicated persons, but only for the tortious acts of in-

298

toxicated persons." The tort for which plaintiff seeks redress under the Dramshop Act was Larry Lowe's wrongful act in shooting the plaintiff. The record conclusively shows that Lowery, the person to whom defendants sold intoxicating liquor, committed no tortious act. Certainly it cannot be said that the assistance he gave in separating plaintiff and Gary, or his presence in the parking lot when plaintiff slapped Gary, were tortious acts. However, plaintiff seeks to supply this missing essential element by asserting in his brief that the evidence shows a joint assault on plaintiff by Lowery and the two Lowe boys, and refers us to certain pages of the abstract. The evidence referred to has been carefully examined, and in our judgment discloses no basis for plaintiff's conclusion that he was jointly assaulted by Lowery and his two companions. The only assault involved in this case is the shooting of plaintiff. His injury was not otherwise sustained. Proof that Lowery was present when plaintiff was shot; that he owned and produced the gun used by Larry; that he was in the restaurant when Herbert Loveall slapped Gary; that he was in the parking lot and was near Gary when he slapped the plaintiff, falls far short of establishing, as plaintiff contends, that the shot wounding him was fired jointly by Lowery and the Lowe brothers. Cited in support of plaintiff's argument are Manthei v. Heimerdinger, 332 Ill App 335, 75 NE2d 132 and Jackson v. Hursey, 1 Ill App2d 598, 118 NE2d 348. In neither of these cases did the Court pass upon the question presented here, namely, whether a tavern keeper may be held liable for the acts of an intoxicated person to whom he did not give or sell intoxicants. Under the Dramshop Act the defendants could be held liable only for injuries sustained by the plaintiff at the hands of Lowery, the person to whom they sold intoxicating liquor.

299

■ If plaintiff's theory were adopted, this Court would in effect be extending or enlarging the liability of a Dramshop keeper, as the same is clearly defined in the Dramshop Act. Since such statute is of a highly penal character, it should receive a strict construction. The meaning of its language is plain, and this Court is required to follow it.

Upon careful examination of the record, we are of the opinion that the Trial Court erred in refusing to direct a verdict for the defendants, and accordingly the judgment of the Circuit Court of Macon County is reversed.

Reversed.

REYNOLDS, PJ and ROETH, J, concur.