FRANCOIS ROBERTS *v.* ELIZABETH CASEY ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-648-16087

Argued June 13—decided July 1, 1966

*Howard F. Zoarski,* of New Haven, for the appellant (named defendant).

*Nathan Reback,* of New Haven, for the appellee (plaintiff).

JACOBS, J. This action was brought under Connecticut's so-called Dram Shop Act. General Statutes § 30-102. The plaintiff alleged under the first count of the complaint that on April 6, 1964, he was a patron in the named defendant's restaurant and tavern, known as the Kimberly Spa, in the city of New Haven and that while he was there an employee of the named defendant served Ralph Toth, the other defendant in this action, with alcoholic liquor while he was intoxicated. It was further alleged that after Toth was served with alcoholic liquor he assaulted the plaintiff, causing him severe personal injuries. The trial court awarded the plaintiff damages of $1500 against each defendant. No appeal was taken by Toth from the judgment under the second count of the complaint. We are concerned solely with the named defendant's appeal from the judgment under the first count.

The trial court found the following: The plaintiff entered the Kimberly Spa on April 6, 1964, at about 4:30 p.m. and "sat down at the bar and ordered a drink." Toth was already seated at the bar. He was in an intoxicated condition and while intoxicated was served with alcoholic beverages by Mary Kordorsky, who, at the time in question, "was on duty at the Kimberly Spa in the capacity of a bartender." Toth, while intoxicated, made an unprovoked assault upon the plaintiff, causing an injury to his right middle finger. On April 7, 1964, in the Circuit Court, Toth pleaded guilty to and was convicted of the charges of breach of the peace (§ 53-174) and having been found intoxicated (§ 53-246), both of which offenses occurred on April 6, 1964, at the Kimberly Spa in New Haven.

The named defendant, hereinafter called the defendant, assigns error in the failure of the court to make certain corrections in the finding and error in the conclusions reached, and claims that § 30-102 is unconstitutional in that it "is arbitrary and unreasonable and in violation of the equal protection and due process provisions of the federal and state constitutions."

Dram shop acts are found in some twenty-two states. Ogilvie, "History and Appraisal of the Illinois Dram Shop Act," 1958 U. Ill. L.F. 175, 180 n.30. "These statutes, which have been held constitutional, and are liberally construed, protect the third party . . . against injuries resulting directly from affirmative acts of the intoxicated man, such as assault and battery . . . ." Prosser, Torts (3d Ed.), p. 543; see *Heikkala* v. *Isaacson,* 178 Mich. 176; *Smith* v. *Roehrig,* 90 Neb. 262; *Balice* v. *Weiand,* 40 Ill. App. 2d 168; *East* v. *Missias,* 365 Mich. 539; 30 Am. Jur., Intoxicating Liquors, § 530 (Sup. 1965, p. 30); note, 70 A.L.R.2d 628, 637. "Basically, the 1955 Dram Shop Act authorized the recovery, by a party injured in person or property by reason of the intoxication of a second party, of just damages from a third party who sold the second party alcoholic liquor while he was intoxicated; and proof that the sale was a proximate cause of the intoxication which caused the injury was not necessary." *Lavieri* v. *Ulysses,* 149 Conn. 396, 400. "We have said that the Dram Shop Act, although in a sense penal, is primarily remedial in nature." Id., 401; Wright, Conn. Law of Torts § 83 (Sup. 1964); comment, "The Dram Shop Act in Connecticut," 32 Conn. B.J. 111.

Two of the trial court's findings are crucial. The court found that Toth was served with alcoholic beverages by the bartender and when so served was

intoxicated. Unless these findings are supported by credible evidence, the conclusions reached cannot stand. In seeking corrections in the finding, the defendant filed in the form of an exhibit all the evidence in the case; our burden on appeal would have been considerably lightened had she filed such portions of the evidence as she deemed relevant and material to the corrections sought. Practice Book § 981.

The defendant's theory of the case, pressed upon us in the brief and on oral argument, is that Toth "did not consume any part of the drink before the incident occurred" and that "[t]his drink . . . was subsequently spilled by him when the barmaid told him he was 'shut off.'" The defendant argues that the provisions of the Dram Shop Act can have no application unless there is proof of consumption. In commenting upon *Pierce* v. *Albanese*, 144 Conn. 241, Professor Prosser points out that the case holds "that the act [§ 30-102] dispenses with proof that the liquor sold by defendant caused or contributed to the resulting intoxication and accident. It can scarcely be supposed, however, that this would hold if there were proof that the buyer did not drink it at all." Prosser, Torts (3d Ed.), p. 542 n.25; see 26 Fordham L. Rev. 336. But there is evidence, which was not made the subject of an assignment of error and which the court could believe, showing that Toth was served "two balls and two beers."[1]

[1] The plaintiff testified that after the incident he returned to the Kimberly Spa later on the same day and in the presence of Elizabeth Casey and Mary Kordorsky the following took place: "Q.—Tell us [Mr. Roberts] the conversation you heard. A.—Well, Mrs. Casey asked Mrs. Kordorsky, 'How many drinks did you serve him?' and she answered—— Q.—Served whom? A.—Him, she said 'Him.' Q.—Yes. How many drinks did you serve him, on this April 6 when you were bitten, is that correct, and what did she say? A.—She said two balls and two beers. Q.—What does that mean, 'two balls and two beers'? A.—Two shots of whiskey and two glasses of beer. That's a common order in a bar."

The record also discloses that friends of Toth bought him the "first round of drinks"; Toth himself ordered the "second round." Moreover, it is quite apparent to us that Toth consumed the "first round of drinks." Thus, in our view, the court's findings are amply supported by credible evidence.

A principal part of the defendant's brief is devoted to an attack upon the constitutionality of Connecticut's Dram Shop Act. In *Pierce* v. *Albanese,* supra, the defendant there claimed, ás here, that the statute was arbitrary, vague and unreasonable and therefore violative of the equal protection and due process provisions of the federal and state constitutions. The court (p. 252) held that "in the light of the mischief sought to be suppressed and the remedy sought to be accorded, . . . [§ 30-102] is not arbitrary or unreasonable and . . . is a valid exercise of the police power of the state." An appeal to the Supreme Court of the United States was dismissed for want of a substantial federal question. *Albanese* v. *Pierce,* 355 U.S. 15; Joyce, Intoxicating Liquors § 420. We think the constitutional validity of our Dram Shop Act is no longer an open question.

There is no error.

In this opinion Kosicki and Levine, Js., concurred.